# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARRYK K. SPRING and
FLOYD L. SEMONS,

        Plaintiffs,

v.                                              Case No. 23-CV-357

BREANNA M. GILBERT and
HANNAH UTTER,

        Defendants.

## ORDER

      Plaintiffs Darryk K. Spring, who is confined at Stanley Correctional Institution and representing himself, and Floyd L. Semons, who is confined at Green Bay Correctional Institution (GBCI) and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated their constitutional rights. (ECF No. 1.) Spring paid the full filing fee. Semons filed two motions for leave to proceed without prepayment of the filing fee. (ECF Nos. 13, 15.) The plaintiffs also filed two motions to appoint counsel. (ECF Nos. 14, 24.) Additionally, Semons filed a motion to order GBCI to send his initial partial filing fee before the deadline. (ECF No. 22.)

      The court has jurisdiction to resolve the plaintiffs' motions and screen the complaint in light of their consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate

judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Semons was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On June 19, 2023, Semons filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 13.) On June 29, 2023, Semons filed a second motion for leave to proceed without prepayment of the filing fee. (ECF No. 15.) However, Semons did not provide a certified copy of his trust account statement for the six months preceding the complaint. On July 14, 2023, Semons provided his trust account statement. (ECF No. 18.) On July 20, 2023, the court ordered that Semons shall pay $2.67 as an initial partial filing fee by August 19, 2023. (ECF No. 20.) On August 4, 2023, Semons filed a motion asking the court to order GBCI to forward the IPFF by the August 19 deadline. (ECF No. 22). Semons paid the fee on August 15, 2023.

The court will grant Semons's first motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the

manner explained at the end of this order. The court will deny Semons's second motion to proceed without prepayment of the filing fee as moot. The court will also deny as moot Semons's motion for a court order directing payment of the initial partial filing fee.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference

3

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*The Plaintiffs' Allegations*

The plaintiffs allege that the defendants failed to provide them dental care. Spring asserts that, after he saw a dentist on April 26, 2021, defendant Breanna M. Gilbert, the Health Services Manager at Dodge Correctional Institution, failed to refer him to an outside dentist or schedule follow up care. (ECF No. 1 at 3.) Sometime later (it is unclear from the complaint when) Spring was transferred to GBCI, and there defendant H. Utter, the Health Services Manager at GBCI, also failed to schedule a dental appointment. (*Id.*)

Semons alleges that he was referred to see a dentist on March 16, 2022, but Gilbert failed to schedule him an appointment. (ECF No. 1 at 4.) Sometime later he also transferred to GBCI, and Utter still has not scheduled him to see a dentist. (*Id.*)

4

*Analysis*

The plaintiffs claim that the defendants violated their constitutional rights by failing to provide them dental care. "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). There are a few issues with the plaintiffs' complaint. Neither plaintiff alleges what dental issue they were seeking treatment for. The court needs this information so it can determine whether they allege that they suffered an objectively serious medical condition. The court also needs this information to determine if the defendants are properly joined under Federal Rules of Civil Procedure 18 and 20. Gilbert and Utter work at two separate prisons. If they both failed to provide treatment for an ongoing dental issue, then they are properly joined. However, if Gilbert, for instance, failed to provide treatment for a cavity to a particular tooth and Utter failed to provide treatment for a different issue, then those are distinct injuries and are not properly joined under the federal rules.

The court will provide the plaintiffs with an opportunity to amend their complaint to provide details on the specific nature of their dental health issues. The plaintiffs should explain what they sought treatment for; on what dates they sought treatment; and who denied them treatment. The plaintiffs are advised that an amended complaint replaces the prior complaint and must be complete in itself

5

without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the court will dismiss the action based on the plaintiffs' failure to state a claim in their original complaint. The court will enclose an amended complaint form along with this decision. The plaintiffs must use the form. If they need more space, they may attach up to five additional pages.

Also, **the plaintiffs each must sign the amended complaint and any other additional pleadings, motions, or other filings.** Federal Rule of Civil Procedure 11(a) requires that every pleading, motion, and other paper be signed by each party personally if the party is representing himself. The court notes that Spring is incarcerated at Stanley and Semons is incarcerated at GBCI. As such, this requirement may be difficult and costly for them to comply with. The plaintiffs may want to consider filing a motion to sever the case. If they choose to do so, then with the motion to sever Spring should include an amended complaint containing his allegations and signed by him, and Semons should include a separate amended complaint containing his allegations and signed by him. At that point the court will grant the motion to sever the case and open up a second case. No additional filing fee would need to be paid. If the plaintiffs choose not to sever the case, they both must sign the amended complaint.

Note that the court could on its own decide to sever the case. *See* Fed. R. Civ. P. 21. Failure of both plaintiffs to personally sign every pleading, motion, or other paper will result in the court striking that filing. *See* Fed. R. Civ. P. 11(a).

### MOTIONS TO APPOINT COUNSEL

Semons filed two motions to appoint counsel on behalf of him and Spring. (ECF Nos. 14, 24.) The court notes that Spring did not sign either motion as required by Fed. R. Civ. P. 11(a). Additionally, because Semons and Spring need to decide how they want to proceed with their case, the court will deny the motions and refrain from appointing counsel. If and when Spring and Semons submit their amended complaint or their motion to sever and separate amended complaints, the court will screen the amended complaint(s). If the case(s) survives screening, at that point Spring and/or Semons may file another motion to appoint counsel for the court's consideration.

### CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Semons's first motion for leave to proceed without prepayment of the filing fee (ECF No. 13) is **GRANTED.**

**IT IS FURTHER ORDERED** that Semons's second motion for leave to proceed without prepayment of the filing fee (ECF No. 15) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Semons's motion for a court order to compel GBCI to send his initial partial filing fee (ECF No. 22) is **DENIED as moot**.

7

**IT IS FURTHER ORDRED** that on or before **October 2, 2023**, the plaintiffs may file a joint amended complaint (signed by both of them), or they may file a motion to sever and file separate amended complaints. If the court does not receive either an amended complaint or a motion to sever and separate amended complaints by the deadline, it will dismiss this action based on the complaint's failure to state a claim.

**IT IS FURTHER ORDERED** that the agency having custody of Semons shall collect from his institution trust account the $347.33 balance of the filing fee by collecting monthly payments from Semons' prison trust account in an amount equal to 20% of the preceding month's income credited to Semons's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Semons is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Semons is confined.

**IT IS FURTHER ORDERED** that the Clerk's Office mail to each of the plaintiffs a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The plaintiffs are further advised that the failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. The plaintiffs are reminded that it is their responsibility to promptly notify the court if they are released from custody or transferred to a different institution. The plaintiffs' failure to keep the court advised of their whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 1st day of September, 2023.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge

10