UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRYK K. SPRING,

      Plaintiff,

v.                                          Case No. 23-CV-357

HANNAH UTTER and
JOHN AND JANE DOES,

      Defendants.

## ORDER

Plaintiff Darryk K. Spring, who is currently confined at Stanley Correctional Institution and representing himself, filed this case along with Floyd L. Semons, who at the time was incarcerated at Green Bay Correctional Institution (GBCI). On September 1, 2023, the court screened the complaint and noted the difficulty the two plaintiffs would have if they proceeded jointly while incarcerated in two different institutions. The court gave them the opportunity to file an amended complaint (providing information missing in the original complaint) and told them that they may consider filing a motion to sever, with each of them proceeding separately against the defendants. (ECF No. 26.)

On October 2, 2023, Spring and Semons each filed a motion to sever and an amended complaint. (ECF Nos. 29, 30.) On November 9, 2023, the court severed

Semons's case from Spring's case. (ECF No.32.) This order screens Spring's amended complaint.

The court has jurisdiction to screen the amended complaint in light of Spring's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible

2

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Spring's Allegations*

Spring alleges that in May 2022 while incarcerated at GBCI, he submitted a dental services request because he had two chipped teeth. (ECF No. 30, ¶ 7.) In response, he was told there was a long waiting list for dental care. (*Id.*, ¶ 8.) On November 30, 2022, Spring submitted a second dental services request stating that his chipped teeth were causing him pain while brushing. (*Id.*, ¶ 9.) Two days later Spring received a response informing him he was moved to the "essential waiting list" and would "be seen as soon as practical." (*Id.*, ¶ 10.)

3

On June 15, 2023, Spring was transferred to Stanley Correctional Institution and still had not received dental care. (ECF No. 30, ¶¶ 13-15.) Because of the delay in care, Spring was in pain, had three fillings fall out, and had difficulty eating and drinking. (*Id.*, ¶ 14.) Four days later, he submitted a dental services request at Stanley. (*Id.*, ¶ 16.) He finally received care on June 28, 2023, more than a year after he submitted his first request for care. (*Id.*, ¶ 18.)

Spring alleges that defendant Hannah Utter, who was the Health Services Manager at GBCI, and other John and Jane Doe medical staff were responsible for staffing dentists or providing alternative dental care, and they failed to do so in a timely manner despite knowing that Spring needed dental care. (ECF No. 30, ¶¶ 2-5.)

*Analysis*

Spring claims that the defendants violated his constitutional rights by failing to provide him dental care. "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "Dental care is one of the most important needs of inmates." *Hoeft v. Menos*, 347 Fed. App'x 225, 227 (7th Cir. 2009). "Extensive pain" caused from untreated cavities and tooth abscesses are objectively serious medical conditions. *Id.*; *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015). Spring's dental issues were objectively serious while he was incarcerated at GBCI.

4

Case 2:23-cv-00357-WED   Filed 11/16/23   Page 4 of 6   Document 34

Spring sufficiently alleges that the defendants were deliberately indifferent to his dental health needs by failing to provide him dental care while he was incarcerated at GBCI. Failing to have a dentist on staff or timely finding an alternative while knowing that Spring needed dental care would amount to deliberate indifference. Spring further alleges that the defendants delayed his care, aggravating his condition and needlessly prolonging his pain, which also amounts to deliberate indifference. *See Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012).

Spring includes Doe defendants in his complaint. He will need to send the named defendant discovery requests to identify their real names. Once Utter answers the amended complaint, the court will issue a scheduling order providing more information about identifying the Doe defendants. Spring is not allowed to proceed on a claim against any Doe defendants who were employed or contracted by Stanley Correctional Institution because, once Spring transferred to Stanley, he timely received dental care.

## CONCLUSION

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Hannah Utter. It is **ORDERED** that, under the informal service agreement, the defendant shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions. After the court enters the scheduling order, Spring may make discovery requests (written questions or requests for documents) on Utter in an effort to identify the real name of the John and Jane Doe defendants. Once he knows the real names of the Doe defendants, he should file a motion identifying their real names. Again, Spring should not serve any discovery request upon the named defendants until *after* the court enters a scheduling order.

Dated at Milwaukee, Wisconsin this 16th day of November, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge