UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DARRYL K. SPRING,**

    **Plaintiff,**

v.              Case No. 23-CV-357

**HANNAH UTTER,**

    **Defendants.**

---

### DECISION AND ORDER

---

  Plaintiff Darryl K. Spring, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Spring was allowed to proceed on a claim against defendant Health Services Manager Hannah Utter pursuant to the Eighth Amendment for failing to provide Spring dental care and needlessly delaying Spring's dental care. Utter filed a motion for summary judgment, which is briefed and ready for a decision. (ECF No. 49.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 5, 39.)

### FACTS

  At all times relevant Spring was housed at Green Bay Correctional Institution (GBCI), where Utter was the Health Services Manager. (ECF No. 51, ¶¶ 1-2.) Spring states that in May 2022 he submitted a dental service request (DSR) because he had two chipped teeth. (ECF No. 30, ¶ 7.) He was told in response (not by Utter) that there was a long wait for dental care. (*Id.*, ¶ 8; ECF No. 51, ¶¶ 6, 34.) Spring states that on

November 30, 2022, he submitted a second DSR, stating that his chipped teeth were causing him pain while brushing. (ECF No. 30, ¶ 9.) Two days later Spring received a response from an unidentified nondefendant telling him that he was moved to the "essential waiting list" and would "be seen as soon as practical." (*Id.*, ¶ 10.) Spring did not receive dental care until June 28, 2023, after he transferred to Stanley Correctional Institution. (*Id.*, ¶¶ 13-15, 18.)

Utter states that she does not provide, work with, supervise, control, or manage the Dental Services Unit. (ECF No. 51, ¶¶ 28-31.) She also would not have received Spring's DSRs, and she states she was unaware of any DSRs Spring may have submitted. (*Id.*, ¶ 34.) She further states she was unaware that Spring had dental issues or needed dental care. (*Id.*, ¶ 35.) Additionally, she was not involved in the investigation of Spring's inmate complaint relating to his lack of dental care. (*Id.*, ¶ 53.) The institution complaint examiner, Alan DeGroot, and the representative from the Secretary of the Department of Corrections, Cindy O'Donnell, neither of whom are defendants, state that they contacted the Dental Director, A. Panos, to handle the issue. (*Id.*, ¶¶ 52-55.)

Spring asserts that because of her role Utter "should have review of everything medical and dental that I sent in to get my teeth fix [*sic*]." (ECF No. 57, ¶ 14.) He also asserts that Utter knew that GBCI did not have a dental program. (*Id.*, ¶ 19.) However, he provides no additional evidence other than his own belief supporting these assertions.

2

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

At the outset, the court notes that Spring was also allowed to proceed on Eighth Amendment claims against John and Jane Doe defendants. However, he never provided the true identities of the Doe defendants, and he is well past the deadline to do so. As such, any claims against Doe defendants are dismissed.

Spring claims that Utter violated his Eighth Amendment rights when she delayed and/or failed to provide him dental care. A plaintiff must demonstrate four elements to establish a deliberate indifference claim under the Eighth Amendment. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). First, "there must be a risk of harm to the plaintiff that is so objectively serious as to be 'excessive' (and that risk must in fact materialize)." *Id.* Second, "the defendant must 'know' of the risk (put differently, he must possess subjective awareness that the risk exists)." *Id.* Third, "the defendant's response to the risk must be so inadequate as to constitute 'disregard' of (or deliberate indifference toward) the risk." *Id.* Finally, "the plaintiff must prove that the defendant's deliberate indifference actually *caused* his injury." *Id.* (citing *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)).

No reasonable factfinder could conclude that Utter knew about Spring's dental issues. Spring presents no evidence other than his belief that Utter, by virtue of her position as Health Services Manager, should have known about his dental issues. While a non-movant "is entitled . . . to all reasonable inferences in her favor, inferences that are supported by only speculation and conjecture will not defeat a

4

summary judgment motion." *Herzog v. Graphic Packing Int'l, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014).

Additionally, there is no evidence that Utter was in any way involved in scheduling, handling, or managing Spring's dental care. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must demonstrate what the defendant did (or did not do) to violate his constitutional rights.

Even if Utter was a supervisor over the Dental Services Unit, supervisors can be held liable only for constitutional violations where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. Spring provides no evidence that Utter was involved in his dental care, or that she knew Dental Services was failing to provide him dental care. "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). "It is therefore incumbent on the party opposing a summary judgment motion to

'inform the district court of the reasons why summary judgment should not be entered'" *Reed v. Brex, Inc.*, 8 F. 4th. 569, 578 (7th Cir. 2021) (quoting *Riely v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018)). Spring failed to do so. Summary Judgment is granted in Utter's favor.

## CONCLUSION

For the foregoing reasons, Utter's motion for summary judgment is granted. The court need not address Utter's alternative argument that she is entitled to qualified immunity. Because there are no remaining claims, the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the John and Jane Doe defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that Utter's motion for summary judgment (ECF No. 49) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 23rd day of January, 2025.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

7

Case 2:23-cv-00357-WED    Filed 01/23/25    Page 7 of 7    Document 61